**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4441**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRY MYLES, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:15-cr-00172-BO-18)

Submitted:  October 30, 2019                          Decided:  December 9, 2019

Before GREGORY, Chief Judge, and KEENAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Robert H. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a joint trial with Lamont Webb, a jury convicted Harry Myles, Sr., of a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (2018), and aiding and abetting concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (2018). Myles asserts that the district court committed plain error by trying him jointly with Webb in contradiction of the court's previous order severing the trials. We affirm.

Myles acknowledges that, because he did not object below, we review the district court's decision to conduct a joint trial for plain error. *See United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014). "Generally, defendants may, and indeed should, be indicted and charged together if they are alleged to have participated in the same act or transaction." *Id.*; *see* Fed. R. Crim. P. 8(b). When defendants have been properly indicted together,

> a district court should grant severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Although limiting instructions often will suffice to cure any risk of prejudice as a result of the joint trial, in some situations the risk of prejudice is so high as to require a separate trial.

*United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013) (citation and internal quotation marks omitted).

The burden of demonstrating that actual prejudice would result from a joint trial is on the party seeking severance. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). We have reviewed the record and conclude that Myles has not met his burden of showing that the district court plainly erred by trying him jointly with Webb.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*